IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHRISTINA H.,[1]

          Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION

          Defendant.

Civ. No. 1:19-cv-01329-YY

OPINION AND ORDER

Plaintiff Christina H. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, the Commissioner's final decision is affirmed.

BACKGROUND

Born in 1972, Plaintiff was 42 years old on her alleged onset date of September 2014. Tr. 198-207.[2] She completed high school and attended a year of college. Tr. 35, 327. Plaintiff has past work experience as a personal attendant, customer service representative, hospital admitting clerk,

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

[2] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF No. 11, provided by the Commissioner.

Page 1 – OPINION AND ORDER

medical receptionist, clerk cashier, teacher, and teacher's assistant. Tr. 17, 242-55. She alleges disability due to fibromyalgia, degenerative disc disease, hip problems, and "[o]ne leg is shorter than the other." Tr. 236.

Plaintiff filed her application for SSI in September 2014. Tr. 15, 198-207, 208-215. After her claim was denied initially and upon reconsideration, she requested a hearing before an administrative law judge (ALJ), which was held on December 21, 2017. Tr. 15, 33. The ALJ denied Plaintiff's claim for benefits in a written decision dated August 17, 2018. Tr. 12. The Appeals Council denied Plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 1. This appeal followed.

STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. § 416.1520(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.;

Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 416.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

At step one, the ALJ found Plaintiff had not performed substantial gainful activity since her amended alleged onset date of March 17, 2016. Tr. 17. At step two, the ALJ found Plaintiff had the severe impairments of fibromyalgia, degenerative disc disease, spine disorder, affective disorder, and unspecified anxiety disorder. Tr. 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled any listings. Tr. 18-20; 20 C.F.R. Part 404, Subpart P, Appendix 1. Prior to reaching step four, the ALJ determined that Plaintiff's RFC allowed her to perform sedentary work with the following limitations: she can lift 10 pounds occasionally; she can walk one to two hours in an eight-hour workday; she must have a sit-and-stand option every hour in an eight-hour workday; she can do one- to three-step simple tasks; and she is limited to unskilled work. Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform any of her past relevant work. Tr. 24-25. At step five, the ALJ found that based on Plaintiff's age, education, work experience, and RFC, she could perform work that existed in significant numbers in the national economy despite her impairments. Tr. 25-26. Specifically, the ALJ found Plaintiff could perform the

Page 3 – OPINION AND ORDER

representative occupations of charge account clerk, call-out operator, and room service order clerk. Id. The ALJ therefore concluded Plaintiff was not disabled. Tr. 26.

Plaintiff contends the ALJ erred by improperly evaluating the medical opinion of consultative examining psychologist Edwin Pearson, Ph.D.

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Dr. Pearson performed a psychological evaluation in June 2018, which included psychological testing, and wrote a narrative report of his findings. Tr. 22, 24, 555-64. Dr. Pearson

opined that Plaintiff had low average verbal and nonverbal reasoning skills and average visual information processing and working memory skills. Tr. 559. Plaintiff "exhibited some degree of difficulty on measures of auditory memory, particularly for paragraph-length material, functioning only in the borderline range on such measures while other measures of memory fell within the low average to average range, i.e., comparable to assumed intellectual ability." Tr. 22, 559. Plaintiff had no difficulty with tasks involving sustained attention and concentration, and there was no evidence of aphasia. Id.

Dr. Pearson diagnosed unspecified anxiety disorder and rule-out specific learning disorder with impairment in reading comprehension. Tr. 560. He opined, "[i]t is really [Plaintiff's] physical health problems and pain that this writer believes would make it impossible for her to function with consistency in fulltime competitive employment." Tr. 560.

Dr. Pearson also completed a Medical Source Statement of Ability to do Work-Related Activities (Mental). Tr. 561-63. He endorsed marked limitations in Plaintiff's ability to respond appropriately to usual work situations and changes in a routine work setting; moderate limitations in areas involving complex instructions; and no limitations in understanding and remembering simple instructions, carrying out simple instructions, and making judgments on simple work-related decisions. Tr. 555-62.

The ALJ reviewed the medical record and gave great weight to Dr. Pearson's opinion that Plaintiff had marked limitation in her ability to perform complex tasks. Tr. 24. However, the ALJ gave little weight to Dr. Pearson's opinion that Plaintiff had marked limitation in her ability to appropriately respond to usual work situations and to changes in a routine work setting. Id. The ALJ reasoned that Plaintiff's activities of daily living, specifically her ability to provide care for her grandmother, contradicted Dr. Pearson's findings on this point. Tr. 24.

Page 5 – OPINION AND ORDER

An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled. Ford v. Saul, 950 F.3d 1141, 1156 (9th Cir. 2020). Here, the ALJ noted Plaintiff's testimony that she cared for her grandmother six days per week and earned about $700 per month. Tr. 17-18. Plaintiff testified that she had worked even more in the year prior to the hearing. Tr. 36, 228. The ALJ also noted that Plaintiff had reported she was able to pay attention for up to 30 minutes at a time, could follow both written and spoken instructions, and was able to handle changes to a routine. Tr. 19 (citing Tr. 261, 262). On this record, the ALJ provided legally sufficient reasons for rejecting Dr. Pearson's opinion that Plaintiff had marked limitation in her ability to appropriately respond to usual work situations and to changes in a routine work setting. Ford, 950 F.3d at 1156.

Plaintiff also argues the ALJ improperly rejected Dr. Pearson's opinion regarding her physical limitations. However, Dr. Pearson is not a physician. He did not perform a physical examination and failed to articulate specific functional limitations regarding Plaintiff's physical abilities. Under 20 § C.F.R. 416.927(c)(5), more weight is given to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist. Moreover, the ALJ is only required to accept medical opinions that offer specific functional limitations. Therefore, the ALJ was not required to accept Dr. Pearson's opinion regarding Plaintiff's physical limitations. 20 § C.F.R. 416.927(c)(5).

Further, Dr. Pearson's opinion regarding Plaintiff's physical issues was contradicted by the opinion of Mike Henderson, D.O., who performed a consultative physical evaluation of Plaintiff and opined on her physical impairments and limitations. Tr. 446-56, 555-64. The ALJ gave great weight to Dr. Henderson's opinion and incorporated his findings regarding Plaintiff's physical limitations into the RFC. Tr. 21-24. Where Dr. Henderson's opinion was based on his area of

expertise, it was reasonable for the ALJ to rely on Dr. Henderson's opinion rather than Dr. Pearson's.

In addition to being outside the scope of his expertise, Dr. Pearson's opinion regarding Plaintiff's physical limitations was inconsistent with the longitudinal medical record. A medical opinion's consistency with the record as a whole is a relevant consideration in evaluating a physician's opinion. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). Here, the ALJ specifically discussed the longitudinal record of physical findings that contradicted Dr. Pearson's opinion. For example, the ALJ noted that Plaintiff's spinal MRI was normal except for some minimal disc bulging in the neck, undermining claims of physical limitations due to degenerative disc disease. Tr. 22, 441, 476.

In sum, Dr. Pearson's opinion regarding Plaintiff's physical limitations was outside the scope of his expertise, he failed to articulate specific functional limitations, his opinion was inconsistent with the longitudinal record, and his opinion was contradicted by credible medical evidence. On this record, the ALJ's evaluation of the medical evidence was rational and supported by substantial evidence. Because there is no error, the Commissioner's decision is affirmed.

## CONCLUSION

The Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 19th day of January, 2021.

                                               /s/ Youlee Yim You
                                               Youlee Yim You
                                               United States Magistrate Judge